IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ASHRAF N. TADROS and SHAUN M., TADROS, | Case No. 3:17-cv-01623-AA<br>**TEMPORARY RESTRAINING ORDER** |
| Plaintiffs, | |
| vs. | |
| WILMINGTON TRUST, NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO CITIBANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMERICA NA; SPECIALIZED LOAN SERVICING, LLC; QUALITY LOAN SERVICING CORPORATION OF WASHINGTON; and PURCHASERS AT FORECLOSURE SALE, | |
| Defendants. | |

AIKEN, District Judge:

Before me is plaintiffs' Motion for Temporary Restraining Order. Plaintiffs' home, located at 4671 Trail Road, Tualatin, Oregon 97062, was sold at auction on Wednesday, March 20, following a non-judicial foreclosure. Defendant and trustee Quality Loan Service Corporation of Washington held the trustee's sale, which was initiated by defendant Wilmington

1   - TEMPORARY RESTRAINING ORDER

Trust, National Association. At the time of the sale, this action—in which plaintiffs (1) assert claims for violations of the Federal Debt Collection Practices Act, fraud, violation of the covenant of good faith and fair dealing and (2) seek a declaratory judgment as to who owns the Note and Deed of Trust secured against plaintiffs' property—had been pending for five months. Plaintiffs assert that the parties had made substantial progress on settlement negotiations but had failed to reach a final agreement; plaintiffs also assert that defense counsel would not return calls or discuss issues on the day before the foreclosure sale. Plaintiffs also represent that, in connection with this lawsuit, they hired an independent loan auditor to investigate the relevant assignments in this case, and that the auditor has concluded the documents establishing the right to foreclose are "pure fiction." Mot. Temp. Restraining Order 3. Plaintiffs seek expedited discovery over the course of sixty to ninety days on the question of who owns the Note and Deed of Trust; plaintiffs state that, if Wilmington Trust is able to show ownership, they will immediately dismiss their claims with prejudice.

Pursuant to Fed. R. Civ. P. 65(b) and upon review of the First Amended Complaint, motion, and supporting declarations, I find that plaintiffs have raised serious questions with respect to the merits of their claims, particularly with respect to their request for a declaratory judgment as to who had the right to foreclose on the Note and Deed of Trust. I further find that plaintiffs likely will suffer irreparable harm if they are forcibly evicted from the home and possession of the property is transferred to a third-party purchaser, and that the balance of hardships tips in plaintiff's favor, given that defendants will have the opportunity to establish the legality of the foreclosure and sale in this action. I further find that the underlying legal issues the issuance of the temporary restraining order is in the public interest. Finally, in view of

plaintiffs' *in forma pauperis* status, no security shall be required to support issuance of this order pursuant to Fed. R. Civ. P. 65(c).

Accordingly, IT IS HEREBY ORDERED that plaintiff's Motion for Temporary Restraining Order (doc. 16) is GRANTED and a temporary restraining order is hereby entered. Pursuant to Fed. R. Civ. P. 65(d), defendants, their officers, agents, employees, attorneys, and other persons in active concert or participation with defendants, are RESTRAINED and ENJOINED from taking any action to evict or otherwise remove plaintiffs from the property located at 4671 Trail Road, Tualatin, Oregon 97062. I will direct my Courtroom Deputy to contact counsel in order to discuss the process for determining whether this TRO should be extended as a preliminary injunction.

IT IS SO ORDERED.

Dated this 23rd day of March 2018.

_____
Ann Aiken
United States District Judge