IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ASHRAF N. TADROS and SHAUN M.
TADROS,

        Plaintiffs,

        v.

WILMINGTON TRUST, NATIONAL
ASSOCIATION AS SUCCESSOR TRUSTEE
TO CITIBANK, N.A.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.; BANK OF AMERICA NA;
SPECIALIZED LOAN SERVICING, LLC;
QUALITY LOAN SERVICING
CORPORATION OF WASHINGTON;
ROSE CITY VENTURES, INC.; and RAIN
CITY CAPITAL OF OREGON, LLC,

        Defendants.

Case No. 3:17-cv-01623-AA
**OPINION AND ORDER**

AIKEN, Judge:

    This matter comes before the Court on: (1) plaintiffs' Motion for Leave to Amend (doc.

52); (2) plaintiffs' Motion for Reconsideration (doc. 59); and (3) defendant Rose City Ventures,

Inc.'s ("Rose City") Motion to Enter Judgment on Plaintiffs' Claim to Quiet Title and Violation

of Oregon TDA (doc. 54). For the reasons stated below, the motions are DENIED.

## BACKGROUND

The parties are familiar with the background facts of this case, which are discussed at length in the Court's May 15, 2018 Opinion and Order granting defendant Wilmington Trust, National Association as Successor Trustee to Citybank, N.A. as Trustee of Structured Asset Mortgage Investments II Inc., Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2006-4's ("Wilmington's") motion to dismiss. *Tadros v. Wilmington Trust, Natl. Assn.*, No. 3:17-cv-01623-AA, 2018 WL 2248453 (D. Or. May 15, 2018). The Court will not retread them here.

In that order, the Court concluded that the *res judicata* effect of two bankruptcy court orders barred plaintiffs from making any claim that depends on Wilmington's lack of beneficial interest in the promissory note and deed of trust. Because that contention was essential to plaintiffs' claims for a declaratory judgment, violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of Oregon's Unfair Trade Practices Act, quite title, and unjust enrichment, the Court dismissed those claims with prejudice. Without the allegation that Wilmington lacked a beneficial interest in the promissory note on the date of the foreclosure sale, the allegations supporting plaintiffs' remaining claims were insufficient to state a claim for relief. Accordingly, the Court also dismissed those claims but did so without prejudice and ordered that plaintiffs may file a motion for leave to file an amended complaint or timely seek an extension of time to file such a motion within thirty days.

## DISCUSSION

After timely seeking an extension of time, plaintiffs filed a motion for leave to file an amended complaint on June 26, 2018. On July 5, 2018, Rose City filed a motion for entry of judgment dismissing plaintiffs' claims for quiet title and violation of the Oregon Trust Deed Act.

In response on July 20, 2018, plaintiffs filed a motion to reconsider my opinion and order granting the motion to dismiss.

I. *Plaintiffs' Motion for Reconsideration*

Plaintiffs seek reconsideration of the Court's May 15, 2018 Order and Opinion dismissing their claims.[1] A court should reconsider its earlier decision if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n. 5 (9th Cir. 1989). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

Plaintiffs argue that the Court clearly erred when it concluded that, under the doctrine of *res judicata*, two bankruptcy court orders barred plaintiffs from making any claim that depends on Wilmington's lack of beneficial interest in the promissory note and deed of trust. Originally, plaintiffs responded to Wilmington's *res judicata* argument by (1) asserting that the order granting relief from stay had been obtained by fraud; (2) arguing that it was "debatable" that plaintiffs actually received notice of the transfer of claim and that they did not have a meaningful opportunity to challenge the transfer given how late it was in the bankruptcy proceedings; and

---

[1] The parties dispute whether Federal Rule of Civil Procedure 54(b) (providing that orders that adjudicate fewer than all the claims "may be revised at any time before the entry of judgment") or Federal Rule of Civil Procedure 60(b) (providing grounds for relief from a final judgment or order) governs plaintiffs' motion for reconsideration in this case. Ultimately, the applicable rule does not affect the analysis because courts generally apply the same standards to motions under Rule 54(b) as those used in motions under Rule 59(e) and Rule 60(b). *See Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (so stating and listing district court and Ninth Circuit opinions applying the standards).

(3) arguing that *res judicata* should not apply because plaintiffs wanted to challenge Wilmington's interest during the 2013 bankruptcy proceedings but were unable to.

Now plaintiffs argue that (1) the order granting relief from stay does not preclude plaintiffs from challenging Wilmington's interest because the validity of Wilmington's claim was not litigated in the stay proceedings and (2) the order granting the transfer of claim does not have preclusive effect because plaintiffs did not have standing to object to the transfer.

Plaintiffs' arguments do not rely on newly discovered evidence or an intervening change in controlling law. Furthermore, plaintiffs could have raised these issues before and they are therefore waived. Motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890 (emphasis in original). Accordingly, plaintiffs' motion for reconsideration is denied.

II. *Plaintiffs' Motion for Leave to Amend*

Plaintiffs' Proposed Second Amended Complaint realleges plaintiffs' breach of the covenant of good faith and fair dealing and improper accounting/FDCPA claims. The proposed complaint also adds new claims for intentional infliction of emotional distress and detrimental reliance.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." A district court should apply the rule's "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (internal quotation marks omitted). In determining whether to grant leave to amend, the district court considers the presence of any of the following four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility. *Owens v. Kaiser*

*Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Futility of amendment, however, "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). A proposed amendment is futile if it would not withstand a motion to dismiss. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").

Defendants oppose the requested amendments, arguing that the amendments would be futile. Defendants also contend that some of the amendments would cause undue delay, would prejudice defendants, and are sought in bad faith. Finally, defendants argue that the court should deny plaintiffs' motion because plaintiffs have already filed three complaints in this case.

Plaintiffs' motion to amend is denied because amendment would be futile.

A.    *Breach of Covenant of Good Faith and Fair Dealing*

Plaintiffs' Proposed Second Amended Complaint alleges that defendants breached their contractual duty of good faith and fair dealing by entering into settlement negotiations, but ultimately refusing to settle and opting instead to foreclose on the trust deed.

Every contract in Oregon contains an implied covenant of good faith and fair dealing. *Swenson v. Legacy Health Sys.*, 9 P.3d 145, 149 (Or. Ct. App. 2000). The covenant of good faith and fair dealing protects the objectively reasonable contractual expectations of the parties. *Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.*, 891 P.2d 639, 643 (Or. 1995). But the duty of good faith and fair dealing cannot contradict an express contractual term, nor does it provide a remedy for an act that is expressly permitted by the terms of the contract. *Id.*

Plaintiffs' proposed amended claim fails because defendant Wilmington had an express contractual right to foreclose its trust deed and plaintiffs do not point to any contractual term that required defendants to settle. Wilmington's enforcement of its right to foreclose is therefore not actionable.

B.      *Intentional Infliction of Emotional Distress*

Plaintiffs' Proposed Second Amended Complaint alleges that Wilmington's unwillingness to negotiate in good faith over loss mitigation options caused plaintiffs severe emotional distress.

Defendants have represented that plaintiffs agreed not to pursue this claim. Plaintiffs do not respond to defendants' argument on this issue. But even if plaintiffs had, their proposed amendment would fail for futility. Intentional infliction of emotional distress requires that, among other things, a defendant's act constitute an "extraordinary transgression of the bounds of socially tolerable conduct," which is a question of law for the court. *McGanty v. Staudenraus*, 901 P.2d 841, 849 (Or. 1995); *Harris v. Pameco Corp.*, 12 P.3d 524, 529 (Or. Ct. App. 2000). To give rise to liability, the defendant's conduct must be "'regarded as atrocious, and utterly intolerable in a civilized community'" under the totality of the circumstances. *House v. Hicks*, 179 P.3d 730, 736 (Or. Ct. App. 2008) (quoting Restatement (Second) of Torts § 46, comment d).

Plaintiffs' claim is based on alleged conduct that occurred in the context of an arm's length commercial relationship, during negotiations over loss mitigation options and the foreclosure process. While the conduct may have caused the homeowners stress, it is not extreme or outrageous, nor does it constitute an extraordinary transgression of the bounds of socially tolerable conduct. Accordingly, plaintiffs' proposed amendment would be futile.

C.      *Improper Accounting / FDCPA*

Plaintiffs' Proposed Second Amended Complaint alleges that Wilmington's counsel told them that the reinstatement amount was $86,000 during the preliminary injunction hearing in this

case. The notice of trustee's sale listed a lower amount. Plaintiffs assert that this discrepancy amounts to actionable improper accounting.

As a preliminary matter, courts in the District of Oregon have consistently concluded that the FDCPA does not apply to foreclosure actions. *See e.g.*, *Shannon v. Bayview Loan Servicing LLC*, No. 3:16-cv-1016-MO, 2018 WL 1902680, at * 3 (D. Or. Apr. 20, 2018) ("In light of the FDCPA definition of 'debt,' I also find that the FDCPA does not apply to claims stemming from foreclosure efforts."); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1203-04 (D. Or. 2002) (holding that the FDCPA is concerned only with preventing abuse in the collection of funds from a debtor and foreclosure is distinct from this process because "payment of funds is not the object of a foreclosure action"). But it is not necessary to address that issue here, because plaintiffs' proposed allegations have no basis in fact. The statement on which plaintiffs' allegations are based cannot be found in the transcript of the hearing. *See* Prelim. Inj. Hr'g Tr., Apr. 5, 2018 (doc. 63). When reviewing a motion to dismiss, a district court need not accept as true allegations contradicted by judicially noticeable facts and may look beyond the plaintiff's complaint to matters of public record without converting the motion into a motion for summary judgment. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000); *Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995). Because plaintiffs' proposed claim is based on a misstatement of the record, it has no factual basis, and amendment would be futile.

D.    *Detrimental Reliance*

Finally, plaintiffs' Proposed Second Amended Complaint asserts a claim of detrimental reliance. Detrimental reliance is an element of a promissory estoppel claim and not a separate cause of action. *Ramos v. Wells Fargo Bank N.A.*, No. 6:12-cv-00264-AA, 2012 WL 4863708, at *2 n.5 (D. Or. Oct. 5, 2012) (citing *Rick Franklin Corp. v. State ex. Rel. Dep't of Transp.*, 140

P.3d 1136, 1140 (Or. Ct. App. 2006)). But, even construing plaintiffs' claim as a claim for promissory estoppel, plaintiffs' proposed amendment would be futile.

The elements of promissory estoppel are "(1) a promise, (2) which the promisor, as a reasonable person, could foresee would induce conduct of the kind which occurred, (3) actual reliance on the promise, (4) resulting in a substantial change in position." *Rick Franklin Corp.*, 140 P.3d at 1140. Under Oregon law, "any promise that serves as the basis of the claim [must] be as clear and well defined as a promise that could serve as an offer, or that otherwise might be sufficient to give rise to a traditional contract supported by consideration." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1106 (9th Cir. 2009) (citations omitted).

First, plaintiffs' Proposed Second Amended Complaint does not allege a specific promise that gives rise to their promissory estoppel claim. Second, the Proposed Second Amended Complaint alleges that Wilmington's counsel made "statements to [plaintiffs] to make [them] believe [they] would still have" a loss mitigation "agreement with material terms despite [plaintiffs'] request for a cap or a detailed description of the full amount to reinstated and/or to pay off said loan." Proposed Second Am. Compl. ¶ 37. That allegation is vague and conclusory, and does not rise to the level of plausibility required to survive a motion to dismiss. Plaintiffs do not identify particular statements made by counsel, so there is no way to assess whether any of the alleged "statements" can be considered a "promise," let alone a "clear and defined" one.

III.    *Rose City's Motion for Partial Judgment*

Rose City seeks an order to enter a final judgment on plaintiff's claims for violation of the Oregon Trust Deed Act and for quiet title, which were dismissed with prejudice in the Court's May 15, 2018 Order and Opinion. Because plaintiffs' motion for reconsideration and

motion to amend are denied, a final judgment will issue in this case, and Rose City's request for a partial final judgment is moot.

## CONCLUSION

Plaintiffs' Motion for Reconsideration (doc. 59) is DENIED. Plaintiffs' Motion to Amend (doc. 52) is DENIED. Final judgment shall be entered in this case. Accordingly, Defendant Rose City's Motion to Enter Final Judgment (doc. 54) is DENIED as MOOT.

IT IS SO ORDERED.

Dated this 25th day of October 2018.

_Ann Aiken_
Ann Aiken
United States District Judge